UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA ANN SWANSON,

    Plaintiff,

v.

    Case No. 18-13564
    District Judge Victoria A. Roberts
    Magistrate Judge Patricia T. Morris

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 19); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13); AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16)**

**I. INTRODUCTION**

Melissa Ann Swanson appeals the Commissioner of Social Security's decision to deny her claim for Title II Disability Insurance Benefits.

The parties filed cross motions for summary judgment. The Court referred those motions to Magistrate Judge Patricia T. Morris. Magistrate Judge Morris filed a Report and Recommendation ("R&R"). In the R&R, Magistrate Judge Morris concludes there is substantial evidence that supports the Commissioner's decision to deny Swanson's benefits, and

1

recommends the Court deny Plaintiff's Motion and grant Defendant's Motion. Plaintiff timely objected. The objections are fully briefed.

The Court **ADOPTS** the R&R. Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED.**

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

After careful review of the cross-motions for summary judgment, the R&R, Swanson's objections, and the record, the Court agrees with Magistrate Judge Morris' recommendation and finds there is substantial evidence that supports the Commissioner's decision to deny Swanson Title II Disability Insurance Benefits.

## A. Plaintiff's First Objection is Rejected

Swanson's first objection concerns the Administrative Law Judge's ("ALJ") treatment of Dr. Daniel Singer's opinion. Swanson says that the ALJ did not provide "good reasons" for rejecting Dr. Singer's treating-physician opinion, and that Magistrate Judge Morris failed to correct this error in her R&R and, instead, provided her own reasons to not give Dr. Singer's opinion great weight. Specifically, Swanson says: (1) her characterization of her headaches as "migraines" and Dr. Singer's actual diagnosis of occipital neuralgia is a distinction without a difference; (2) Magistrate Judge Morris failed to address a "critical portion" of Dr. Singer's assessment – an additional diagnosis of chiari malformation, for which headaches are a "classic" symptom; and (3) Magistrate Judge Morris' failed to address Dr. Singer's indication that Swanson's headaches are accompanied by photophobia, a sensitivity to light.

Defendant says Magistrate Judge Morris properly supported her conclusion that the ALJ provided "good reasons." Defendant argues Swanson overlooks Magistrate Judge Morris' full statement regarding Dr. Singer's opinion - "[w]hile the ALJ's analysis could have been more detailed, I remain unpersuaded by Plaintiff's arguments." *Id.* Defendant says

Magistrate Judge Morris' reasons are specifically articulated by the ALJ throughout his decision. The Court agrees.

It is undisputed that Dr. Singer is a treating physician. The ALJ must give "good reasons" for not giving weight to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); *Wilson v. Commissioner of Social Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). If the ALJ does not afford the opinion controlling weight, he or she must apply certain factors – "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion." *Id.*

In giving Dr. Singer's opinion little weight the ALJ wrote, in part: "the extreme limitations assessed are generally inconsistent with the treatment notes from Dr. Singer and inconsistent with the objective exams and findings from other providers throughout the medical evidence in the record." [ECF No. 9-2, PageID.54-55]. The ALJ noted several inconsistencies, including, "[t]here is no support that the claimant's largely managed impairments would cause [Swanson] to be off-task 25% or be absent 4 or more days." *Id.* at 55. In conclusion, the ALJ found that Swanson "would be capable of more than noted by [Dr. Singer]." *Id.*

4

Regarding Swanson's argument about her specific diagnosis – she highlights Dr. Singer's assessment that she would experience multiple "headaches" each week and disputes the ALJ's statement that there is no support for Dr. Singer's specific assessments that she would be off-task 25% or be absent 4 or more days. She asserts Dr. Singer's approximation of the frequency of her headaches "in and of itself, would support a finding that [Swanson] would be frequently off-task or absent." [ECF No. 13, PageID.1394-95].

Importantly, Dr. Singer did not diagnose Swanson with migraines. As Magistrate Judge Morris outlined, Swanson's analysis in her Motion for Summary Judgment focuses entirely on migraines and does not indicate whether her analysis is applicable to her actual diagnoses of chiari malformation, occipital neuroglia, and cervigalgia. Relatedly, Swanson's argument that Magistrate Judge Morris' failed to address her additional diagnosis of chiari malformation is unpersuasive. Although Magistrate Judge Morris did not acknowledge Dr. Singer's two additional diagnosis – chiari malformation and cervigalgia – Dr. Singer never diagnosed Swanson with migraines.

Swanson highlights Magistrate Judge Morris' statement that in order to conclude the ALJ erred, "the Court would need to assume that Dr. Singer

meant to say migraines, or something just as crippling, that [Swanson's] complaints of headaches indicate potentially disabling pain, and that there were enough complaints (which, as noted, [Swanson] never analyzes) – compared to the evidence the ALJ relied on – to suggest that the ALJ's reasons for discounting the medical opinion were not "'good.'" [ECF No. 19, PageID.1452]. Swanson says her chiari malformation diagnosis is "arguably" just as crippling as migraines and cites her testimony that following surgery for this condition, her headaches changed in that they were "more like migraines," even though she admits they improved. [ECF No. 20, PageID.1471]. Magistrate Judge Morris correctly found this reasoning inappropriately requires the Court to make inferences and evidentiary assessments. Regardless of Swanson's precise diagnosis, Dr. Singer indicated medications made her headaches better,

The Court similarly declines to engage Swanson's argument that Magistrate Judge Morris overlooked Dr. Singer's indication that her headaches were accompanied by photophobia – a sensitivity to light. Swanson says that the residual functional capacity ("RFC") finding does not make any additional accommodations or allowances based on this, and Magistrate Judge Morris failed to address this entirely. Magistrate Judge Morris did not address this because – as Defendant correctly argues – this

is the first time Swanson alleges she required an RFC limitation related to a sensitivity to light. This Court will not consider arguments not raised before the Magistrate Judge. *Swain v. Comm'r of Soc. Sec.,* 379 F. App'x 512, 517-18 (6th Cir. 2010).

### B. Plaintiff's Second Objection is Rejected

For her second objection, Swanson says Magistrate Judge Morris does not explain in her R&R how Dr. Leonard Balunas' finding that Swanson could only perform jobs requiring "no sustained concentration" was accounted for in the RFC.

Defendant says Magistrate Judge Morris properly found that the ALJ accommodated Swanson's mental impairments with a limitation to unskilled work involving simple routine and repetitive tasks and no work with the public. It says Swanson's contention is meritless.

The ALJ afforded Dr. Balunas' opinion "great weight." Dr. Balunas concluded Swanson's ability to maintain attention and concentration for extended periods is "moderately limited." The ALJ concluded Swanson can "perform simple 1-2 step tasks all on a routine and regular basis," and retains the ability to complete simple routine and repetitive tasks. [ECF No. 9-2, PageID.54]. Magistrate Judge Morris noted that Swanson correctly asserted

7

in her Motion for Summary Judgment that courts have found an ALJ's limitation of a claimant to unskilled or simple work did not properly accommodate a finding of moderate limitations in concentration, persistence, and pace. This is because there may be cases where a claimant's moderate limitations will preclude that type of work. However, Magistrate Judge Morris correctly noted that in this judicial district, cases that have been remanded to the ALJ are distinguishable from those that are not because "a medical professional had made a specific finding that the claimant had moderate difficulties in concentration, persistence, or pace, but could still do the work on a sustained basis." *Cwik v. Comm'r of Soc Sec.,* 2012 WL 1033578, at *10 (E.D. Mich. Feb. 23, 2012), *rep. & rec. adopted by* 2012 WL 1033527 (E.D. Mich. Mar. 27, 2012); *see also Hicks v. Comm'r of Soc. Sec.,* 2011 WL 6000714, at *8 (E.D. Mich. Aug. 30, 2011). One of these cases cited by Magistrate Judge Morris, *Zizzo v. Comm'r of Soc. Sec.,* 2013 WL 5291663 (E.D. Mich. Sept. 19, 2013), is particularly applicable. In *Zizzo,* the ALJ concluded the claimant required in part "unskilled, routine, non-production-oriented work." *Id.* at *10. The court found the limitation proper because the claimant did not address why the limitation was inadequate to accommodate his or her moderate limitation. *Id.* at *13. Similarly, Swanson failed to present

evidence, and fails to present argument, as to why her moderate limitation precludes the type of work outlined by the ALJ.

Swanson's second objection is rejected.

## III. CONCLUSION

The Court **ADOPTS** the Report and Recommendation. Plaintiff's Motion for Summary Judgment is **DENIED.** Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 18, 2020